## Case No. 3,346.

### CRAMER v. ALLEN et al.

[5 Blatchf. 248.][1]

Circuit Court, N. D. New York. Aug. Term, 1865.

LOSS OF TOW—DEGREE OF FAULT—APPORTIONMENT—FOREIGN MONEY.

1. Where a tug, in towing a vessel on the Niagara river, was so negligently navigated, that the tow struck some piles, and was separated from the tug and carried down the river over Niagara Falls and lost, and the tow had no anchor on board, and it appeared to be the better opinion, on the proofs, though not certain, that, if she had had one, she might, by casting it, have been held until the tug could come to her relief: *Held*, that the absence of the anchor was a fault on the part of the tow.

2. *Held*, also, that the drifting and loss of the tow was the direct and immediate consequence of the collision with the piles, and that the tug was liable for such loss, notwithstanding the want of an anchor on the tow.

3. The uncertainty as to the degree of fault and its consequences, where both vessels are chargeable with them, brings the case within the reason of the rule of apportionment.

[Cited in The Britannia, 34 Fed. 560.]

4. The injured party, in this case, is entitled, as indemnity for his loss, to the value of his vessel, at the time and place of her loss, in the currency of the place where the injury happened. But, as the suit is brought in another country, he is entitled to a sum, in the currency of the latter country, which approximates most nearly to that to which he is entitled in the country where the injury occurred.

In admiralty. This was a libel in personam, filed in the district court, by [Richard W. Cramer] the owner of a scow against [William W. Allen and others] the owners of the steam tug Griffen, to recover dam-

1 [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

ages for the loss of the scow. The district court apportioned the damages [case unreported], and the respondents appealed to this court.

NELSON, Circuit Justice. The tug was engaged in towing the scow from Buffalo, down the Niagara river, to Port Robinson, on Chippewa creek, Canada. The tug, in entering the mouth of the creek, was so navigated that the scow struck the piles in the "cut" at the entrance, and became separated from another tow to which she was fastened by a hawser, and was carried down the river over Niagara Falls, which were situated some four miles below, and lost. I agree with the court below, that the immediate injury to the scow, by coming in contact with the piles, was occasioned by negligence, or want of proper skill, on the part of the master of the tug, and that the only question in the case is, as to the rule that should govern the damages to be allowed. The scow struck the piles some eight feet inside of the starboard corner of her bow, making a considerable hole in the bow above the water line. Having parted her hawser, she was necessarily carried down the current of the Niagara river, which was of considerable strength there, and passed over the Falls. The scow had no anchor on board, and the better opinion, on the proofs, is that if she had had one, she might, by casting it, have been held until the tug could come to her relief. The latter, as soon as the accident happened, detached herself, from the other tow, and re-entered the river, to rescue the scow, but the scow had descended it so far as to render relief impossible. I agree, also, with the court below, that the want of a fit and proper anchor on board of the scow was a fault for which her owner is responsible. The owners of the tug had a right to presume that the scow was seaworthy, which includes an anchor as a part of her equipment.

It is urged by the respondents, that, as the total loss of the scow was occasioned by her going over the Falls, and as that might have been prevented if she had had an anchor on board, they should have been held liable only for the damage done to the scow by her coming in contact with the piles; that the subsequent damage or loss is attributable solely to the fault of her owner; and that the collision with the piles was not the proximate cause of this subsequent loss. I am inclined to think, under all the facts and circumstances of the case, that it cannot be said, that the drifting of the scow down the current of the river and over the Falls, after the separation of the hawser which fastened her to the other tow, was not the direct and immediate consequence of the collision, as much so as if the accident had occurred in the middle of the river. Nor can it be said with certainty that the presence of an anchor would have saved her. I agree, that

its absence was a fault, as, by reason of it, all parties concerned were deprived of the benefit of the use of it in the attempt to arrest the drifting of the injured vessel; and it seems to me that this uncertainty as to the degree of fault and its consequences, where both parties are chargeable with them, brings the case within the reason of the rule of apportionment. It is agreed, that this rule is not an exact measure of damages; but, upon the whole, and as a general rule, it is more often just and reasonable in practice than a rule would be which should require the court to divide the damages according to the degree of fault committed by each vessel. I shall concur, therefore, in the judgment of the court below, in the rule adopted as to the measure of damages.

Then, as to the question of currency. The commissioner found the value of the scow, or the damages, which is the same thing, at the time and place of the accident, in Canadian currency. If the suit had been in Canada, the sum so found would have determined the amount of the decree, and to this sum, at the place where the injury happened, the injured party is entitled, as indemnity for the loss. This suit, however, is in another country, and the rule seems to be well settled, and is certainly the just rule, as between the parties, to allow a sum, in the currency of the country where the suit is brought, which approximates most nearly to that to which the party is entitled in the country where the damage occurred. The commissioner found the amount in the currency of that country, and also the difference between that and the currency here, which is forty-nine per centum. That difference was very properly added by the court. If it had been the other way, it should have been deducted.

The decree of the court below is affirmed, with costs.